UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE BENEFIT FUNDS and the TRUSTEES THEREOF,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEMZA MASONRY LLC d/b/a DEMZA MASONRY CONSTRUCTION,<br><br>    Defendant. | Civil Action No.: 18-cv-<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiffs New Jersey Building Laborers Statewide Benefit Funds and the Trustees Thereof ("Plaintiffs" or "Funds"), by their undersigned attorneys, allege and say as follows:

## NATURE OF THE ACTION

1.  This is an action under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, to collect delinquent contributions to employee benefit plans and for related relief.

## PARTIES

2.  Plaintiff Funds are trust funds established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and include employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Funds bring and maintain this action pursuant to section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Funds are administered at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306.

3. Plaintiff Trustees of the Funds are fiduciaries of the Funds within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Trustees bring this action on behalf of themselves, the Funds and its participants and beneficiaries pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Trustees maintain their offices and principal place of business at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306.

4. Upon information and belief, Defendant Demza Masonry LLC d/b/a Demza Masonry Construction ("Demza") is an employer within the meaning of section 142 of the LMRA, 29 U.S.C. § 142, with a place of business at 15 High Street, Whitehouse Station, New Jersey, 08889. Demza is an employer in an industry affecting commerce within the meaning of ERISA, including sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11), and (12).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. §§ 185 and 1132(e).

6. Venue properly lies in this District pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2) because the Funds are administered in New Jersey and Defendant does business in New Jersey.

## FACTS

7. Speranza Brickwork, Inc. ("Speranza") is a contractor which was and still is a signatory to a Collective Bargaining Agreement ("CBA") with the New Jersey Building Construction Laborers District Council and Local Unions ("the Union").

8. Pursuant to the CBA, Speranza was obligated to hire members of the Union to perform bargaining unit work covered by the CBA.

9. Pursuant to the CBA , Speranza agreed to remit fringe benefit contributions to the Funds for covered work performed by its employees.

10. On or about August 27, 2014, the United States District Court, District of New Jersey entered judgment in *New Jersey Building Laborers Statewide Benefit Funds and the Trustees Thereof v. Speranza Brickwork, Inc.*, 13-cv-7272, in favor of the Funds and against Speranza for delinquent contributions for the period of January 1, 2007 through December 31, 2010, in the amount of $4,901,819.05. A copy of the judgment and order is attached as Exhibit A.

11. Upon information and belief, on or about May 12, 2015, Speranza filed for Chapter 7 bankruptcy protection in the United State Bankruptcy Court for the District of New Jersey in a matter captioned *In Re: J. Speranza Brickwork, Inc.*, Case No.: 15-18907 (MBK). Speranza was discharged from bankruptcy on or about December 5, 2017.

12. Upon information and belief, Speranza did not abrogate the CBA or reject the CBA under 11 U.S.C. § 1113, and its contractual obligations continue.

13. Pursuant to the terms of the CBA, Speranza, its owners, officers, and agents are prohibited from operating other business entities to circumvent their obligations thereunder:

> In order to protect and preserve work for the employees covered by this Agreement and to protect the benefits to which employees are entitled to under this Agreement, and to prevent any device or subterfuge to avoid the protection and preservation of such work and benefits, it is agreed that when the Employer performs any work of the type covered by this Agreement at any work site (1) under its own name, or (2) under the name of another entity (whether a corporation, company, partnership, joint venture, or any other business entity) where the Employer, including its owners, stockholders, officers, directors, or partners, exercise either directly or indirectly (such as through family members or company employees) any significant degree of ownership, management or control, the terms of this Agreement shall be applicable to all such work.

## Speranza and Demza

14. Upon information and belief, or about July 13, 2016, Demza was incorporated in New Jersey.

15. Upon information and belief, at relevant times, Demza and Speranza shared common ownership, management, interrelated operations, and centralized control of labor relations:

   a. Speranza and Demza perform construction and masonry work;

   b. Joseph A. Speranza ("Joe") was the president of Speranza and is the vice president of Demza;

   c. Demza maintains a place of business and operations at the same address as Speranza, located at 15 High Street, Whitehouse Station, New Jersey 08889; and

   d. Demza maintains working relationships with certain general contractors who previously employed Speranza.

16. Upon information and belief, at relevant times, Demza and Speranza shared resources, assets, and employees who performed work covered by the CBA:

   a. Demza shares the same equipment and machinery, performs the same or similar types of services, and uses the same employees as Speranza; and

   b. Demza's website provides a "list of projects completed by Joe's teams[]":

Below is a list of projects completed by Joe's teams.

| Project | Location | Contractor | Contract |
|---|---|---|---|
| Liberty Towers High Rise | Jersey City, N.J. | Turner Construction | $ 8,250,000.00 |
| 911 World Trade Memorial | New York, N.Y. | Bovis Lend Lease | $ 10,100,000.00 |
| MetLife Giants/Jets Stadium | Rutherford, N.J. | Skanska | $ 24,000,000.00 |
| Revel Casino | Atlantic City, N.J. | Tishman | $ 9,250,000.00 |
| United Nations | New York, N.Y. | Skanska | $ 3,200,000.00 |
| Shering Plough Bldg. K15 | Kenilworth, N.J. | Torcon | $ 4,800,000.00 |
| A.H.P. Corp. Headquarters. | Madison, N.J. | Sordoni\Skanska | $ 7,200,000.00 |
| Prudential Center | Newark N.J. | Gilbane | $ 6,750,000.00 |
| Red Bull Soccer Stadium | Harrison N.J. | Hunter Roberts | $ 3,800,000.00 |
| Albany Medical Center | Albany N.Y. | Gilbane | $ 7,500,000.00 |
| Princeton Wallace Science | Princeton, N.J. | Skanska | $ 4,600,000.00 |
| Merck Bldg. 800 | Rahway N.J. | Bovis | $ 5,100,000.00 |
| Hudson Tea Residences | Hoboken NJ | Toll Brothers | $ 2,900,000.00 |
| Bristol Myers Squibb | Brunswick, N.J. | Torcon | $ 3,200,000.00 |

    c. Of these projects, held out by Demza as past work, the following were performed by Speranza, using members of the New Jersey Building Construction Laborers District Council, who were beneficiaries of the Plaintiff Funds: MetLife Giants/Jets Stadium, Rutherford, New Jersey; Merck Bldg. 800, Rahway, New Jersey; Prudential Center, Newark, New Jersey; Red Bull Soccer Stadium, Harrison, New Jersey; Revel Casino, Atlantic City, New Jersey; and Shering Plough Bldg., Kenilworth, New Jersey;

17. Upon information and belief, Demza and Speranza acted as a single integrated enterprise; there were no arm's length relationships between them.

18. Demza and Speranza are a single employer, joint employer, and/or alter egos for purposes of liability to the Funds.

19. Upon information and belief, Demza was created to evade Speranza's obligations under the CBAs.

20. To the extent that Speranza is no longer in business, Demza is a successor employer such that it is liable for Speranza's delinquent contributions.

## COUNT I

### (Unpaid contributions for January 1, 2007 through December 31, 2010 - ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145)

21. Plaintiffs repeat the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

22. Upon information and belief, Speranza formed and operated Demza in violation of the CBA.

23. Upon information and belief, at relevant times, Speranza used Demza to evade its contractual and statutory obligations to the Funds.

24. At relevant times, Demza and Speranza shared common ownership, management, interrelated operations and centralized control of labor relations.

25. At relevant times, Demza and Speranza operated as a single integrated enterprise and are a single employer for the purposes of collective bargaining obligations.

26. Alternatively, Demza and Speranza are alter egos of each other and Demza is liable for Speranza's delinquent contributions pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

27. Upon information and belief, substantially all of Speranza's assets were transferred to Demza.

28. Upon information and belief, at relevant times, there was continuity of operations between Speranza and Demza:

   a. Demza employs substantially all of Speranza's management and supervisory personnel;

b. Demza employs a part of Speranza's workforce;

c. Demza uses Speranza's offices, equipment, and machinery;

d. Demza works with certain general contractors who had previously employed Speranza;

e. Demza performs the same construction and masonry work as Speranza; and

f. Demza trades on Speranza's image and past work for marketing purposes.

29. Upon information and belief, at relevant times, Demza had notice of Speranza's delinquent ERISA fund contributions:

**WHEREFORE**, Plaintiffs pray for the following relief:

(a) judgment against Demza in favor of the Funds in the amount of $4,901,819.05; and

(b) interest on the unpaid contributions;

(c) liquidated damages;

(d) reasonable attorney's fees and costs; and

(e) such other legal or equitable relief as the Court deems appropriate.

**KROLL HEINEMAN CARTON, LLC**
*Attorneys for Plaintiffs*

Dated: May 31, 2018

*/s/ Jennifer Chang*
_____
JENNIFER CHANG

## CERTIFICATION WITH LOCAL RULE 11.2

The undersigned hereby certifies that this matter in controversy action is related to the action pending in the New Jersey District Court, *New Jersey Building Laborers' Statewide Pension Fund and Trustees Thereof v. Demza Masonry LLC*, Civil Action No. 18-9607 (PGS).

                                      **KROLL HEINEMAN CARTON, LLC**
                                      *Attorneys for Plaintiffs*

Dated: May 31, 2018            */s/ Jennifer Chang*

                                      JENNIFER CHANG

# Exhibit A

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF, | |
| Petitioners, | Civil Action No. 13-7272 |
| v. | **ORDER AND JUDGMENT** |
| SPERANZA BRICKWORK, INC., | |
| Respondent. | |

This matter comes before the Court on two motions: 1) the motion to confirm the arbitration award by Petitioner New Jersey Building Laborers' Statewide Benefit Funds (the "Funds") [ECF No. 2]; and 2) the motion to vacate the arbitration award by Respondent Speranza Brickwork, Inc. ("Speranza") [ECF No.7]. The Court has considered the parties' submissions and held oral argument on August 4, 2014. For the reasons set forth in the accompanying Opinion,

**IT IS**, on this 27th of August, 2014,

**ORDERED** that Petitioner's motion to confirm the arbitration award [ECF No. 2] is **GRANTED**; and it is further

**ORDERED** that Respondent's motion to vacate the arbitration award [ECF No. 7] is **DENIED**; and it is further

**ORDERED** that the Arbitration Award of July 8, 2013 of J.J. Pierson, Esq. directing Respondent to pay $4,901,819.05 to the Petitioner; directing Respondent remain obligated to the

Funds for the terms and conditions of the agreement; and directing the Funds be authorized to examine the records of Respondent shall be and is hereby **CONFIRMED**; and it is finally

      **ORDERED AND ADJUDGED** that judgment shall be entered in favor of Petitioners and against Respondent as follows:

1. Respondent shall pay the New Jersey Building Laborers Statewide Benefit Funds the amount of $4,901,819.05.

2. Respondent shall remain obliged to the Funds, specifically for adhering to terms and conditions of the Agreement and for submitting timely contributions to the Funds.

3. Respondent shall authorize the Union to examine all records of the Employer, including all payroll and financial records as stated in the Arbitration Award.

4. Respondent shall be responsible for all court costs in relation to the petition to confirm the Arbitration Award.

                                                                 /s/ Joel A. Pisano
                                                                 JOEL A. PISANO, U.S.D.J.